CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853
JAMES A. BLUM
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
James.Blum@usdoj.gov
Attorneys for the United States

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:20-CR-142-GMN-EJY |
| Plaintiff, | **Stipulation for Entry of Order of Forfeiture as to Rolla Gene Manning, III, and Order** |
| v. | |
| DURRELL MELCHOR, | |
| Defendant. | |
| ROLLA GENE MANNING, III, | |
| Petitioner. | |

The United States of America and Rolla Gene Manning, III, agree as follows:

1. The grand jury returned a Five-Count Criminal Indictment against Durrell Melchor for violations of 18 U.S.C. § 922(a)(1)(A), 18 U.S.C. § 922(g)(1), and 21 U.S.C. §§ 841(a)(1) and 846. Criminal Indictment, ECF No. 1.

2. Durrell Melchor pled guilty to Counts One through Four of the Five-Count Criminal Indictment charging him in Count One with dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A); in Counts Two and Three with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and in Count Four with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, and agreed to the forfeiture of property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Indictment. Criminal Indictment, ECF No. 1; Change of Plea, ECF No. 65; Plea Agreement, ECF No. 66.

3. Rolla Gene Manning, III, had reported the property stolen in 2020, and the United States became aware of the stolen-property report made by Rolla Gene Manning, III.

4. Rolla Gene Manning, III, affirms that the property was stolen, that he was the owner of the property at the time of its theft, and that he has not been compensated for its value by any insurer or third party.

5. Rolla Gene Manning, III, knowingly and voluntarily agrees to the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property: a Ruger model LC9 9mm semi-automatic pistol bearing serial number 325-80311 (property).

6. Rolla Gene Manning, III, knowingly and voluntarily agrees to forfeit the property to the United States.

7. Rolla Gene Manning, III, knowingly and voluntarily agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the property.

8. Rolla Gene Manning, III, knowingly and voluntarily agrees to waive his right to any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes proceedings) of the property.

9. Rolla Gene Manning, III, knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

10. Rolla Gene Manning, III, knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorneys regarding the forfeiture and disposition of the property.

11. Rolla Gene Manning, III, knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

12. Rolla Gene Manning, III, knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the property.

13. Rolla Gene Manning, III, knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any forfeiture proceedings concerning the property.

14. Rolla Gene Manning, III, knowingly and voluntarily agrees to waive his right to a hearing on the forfeiture of the property.

15. Rolla Gene Manning, III, knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses and claims to, (b) any constitutional or statutory double jeopardy defenses and claims concerning, and (c) any defenses and claims under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

16. Rolla Gene Manning, III, knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

17. Rolla Gene Manning, III, knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to Rolla Gene Manning, III, and Order (Stipulation).

18. Rolla Gene Manning, III, knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, their agencies, their agents, and their employees from any claim made by him or any third party arising from the facts and circumstances of this case.

19. Rolla Gene Manning, III, knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, their agencies, their agents, and their employees from any and all claims, rights, or causes of

3

action of any kind that Rolla Gene Manning, III, now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

20. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

21. After the property is forfeited in the criminal case, the Final Order of Forfeiture is entered, the United States District Court has signed the Stipulation concerning the property, and the United States has no outstanding evidentiary needs concerning the property, within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees to transfer the Ruger model LC9 9mm semi-automatic pistol bearing serial number 325-80311 to Rolla Gene Manning, III.

22. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

23. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

24. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

25. The Stipulation contains the entire agreement between the parties.

26. Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

27. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by

counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

Dated: _____      Dated: _____

_____
ROLLA GENE MANNING, III
*Petitioner*

CHRISTOPHER CHIOU
Acting United States Attorney

JAMES BLUM
Digitally signed by JAMES BLUM
Date: 2021.08.20 09:55:09 -07'00'

_____
JAMES A. BLUM
Assistant United States Attorney

IT IS SO ORDERED:

Dated this ___ day of August, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court

counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

Dated: 8-20-21

ROLLA GENE MANNING, III
*Petitioner*

Dated: _____

CHRISTOPHER CHIOU
Acting United States Attorney

_____
JAMES A. BLUM
Assistant United States Attorney

IT IS SO ORDERED:

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

DATED: August 24, 2021